IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINK FLOYD (1987) LIMITED, | |
| Plaintiff, | Civil Action No.: 1:23-cv-00179 |
| v. | Judge Virginia M. Kendall |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE
DEFENDANTS IDENTIFIED IN SCHEDULE A**

Plaintiff, PINK FLOYD (1987) LIMITED ("PFL" or "Plaintiff"), submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified in Schedule A (collectively, the "Defaulting Defendants") based on Plaintiff's action for trademark infringement and counterfeiting and false designation of origin.

Pink Floyd (1987) Limited is the business entity for the iconic band PINK FLOYD. It is a Limited company having its principal place of business in the United Kingdom. Complaint. [1] at ¶¶ 13-17. Since the initial launch of its original PINK FLOYD brand products, Plaintiff's PINK FLOYD marks are and have been the subject of continuous marketing and promotion by Plaintiff. Plaintiff has and continues to market and promote its PINK FLOYD marks to consumers. The U.S. registrations for the PINK FLOYD Trademarks have been continuously used and never abandoned. *Id*. at ¶ 16.

On information and belief, the Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff products, while selling inferior imitations of

Plaintiff's products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id*. at ¶ 7. Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this judicial district, through the operation of the fully interactive online marketplaces operating under the Defendant online marketplace accounts (collectively, the "Defendant Internet Stores") identified in Schedule A. *Id*. at ¶¶ 2-3, 18. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit PFL Products to consumers within the United States, including the State of Illinois. *Id*. Additional factual assertions applicable to Defaulting Defendants are found in Paragraphs 19-31 of the Complaint are incorporated herein. *Id*. at ¶¶ 19-31.

    PFL filed this action on January 12, 2023, alleging, among other claims, federal trademark infringement and seeks statutory damages and injunctive relief. [1]. On January 19, 2023, this Court granted PFL's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") and subsequently converted the TRO into a Preliminary Injunction on February 2, 2023.

    Paragraph 8 of the TRO permitted PFL to complete service of process to Defendants by electronically publishing a link to the Complaint, this Order and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Defendants identified in Schedule A that are associated with an eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Fruugo.com Ltd. ("Fruugo"), Amazon Payments,

Inc. ("Amazon"), and ContextLogic, Inc. d/b/a Wish.com ("WISH") account were properly served on January 30, 2023. [23]. None of the Defaulting Defendants have entered an appearance or otherwise defended this action. *See* Declaration of Keith A. Vogt (the "Vogt Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), PFL now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on Counts I and II of PFL's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). PFL further seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of infringing and counterfeit PINK FLOYD Trademarks in connection with products sold through each of the Defendant Internet Stores. PFL also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products, and that all assets in Defaulting Defendants' financial accounts operated by eBay, PayPal, Fruugo, WISH, and Amazon, as well as any newly discovered assets, be transferred to PFL.

**ARGUMENT**

**I.     JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to PFL's business within this judicial district. *See uBID, Inc. v. GoDaddy Grp., Inc*. 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie

3

case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales from Illinois residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Illinois and, on information and belief, has sold Counterfeit/Infringing Products to residents within the United States, including Illinois. [1] at ¶¶ 2, 18-19. Many of the websites look sophisticated and accept payment in U.S. Dollars *See id.* at ¶ 2. As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See, e.g., NBA Properties, Inc. v. HANWJH*, No. 21-2909, 2022 WL 3367823, at *7 (7th Cir. Aug. 16, 2022) (concluding that personal jurisdiction is proper when a defendant purposefully directs its actions to Illinois via third-party online retailers); *see also, e.g, Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03250 (N.D. Ill. Oct. 31, 2022) and *Khara Inc. and Ground Works Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03334 (N.D. Ill. Aug. 11, 2022).

## II. PFL HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On January 12, 2023, PFL filed its Complaint alleging, among other claims, federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I) and false designation of

4

origin, 15 U.S.C. § 1125(a) (Count II). The Defendants were properly served on January 30, 2023. [23]. Despite having been served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Vogt Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, PFL asks for entry of default against the Defaulting Defendants.

### III. PFL HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

At least twenty-one (21) days have passed since Defendants were served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants identified in Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, PFL requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark infringement and counterfeiting against each of the Defaulting Defendants for use of infringing and counterfeit imitations of PFL's trademarks in connection with products sold through the Defendant Internet Stores. PFL also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products, and that all assets in Defaulting Defendants' financial

accounts operated by eBay, PayPal, Fruugo, WISH, and Amazon, and any newly identified accounts be transferred to PFL.

### A. Trademark Infringement and Counterfeiting

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001)).

PFL alleged in its Complaint that its PINK FLOYD Trademarks are distinctive, that Defaulting Defendants have knowledge of PFL's rights in the PINK FLOYD Trademarks, that Defaulting Defendants are not authorized to use the PINK FLOYD Trademarks, and that Defaulting Defendants' use of the PINK FLOYD Trademarks causes a likelihood of confusion. [1] at ¶¶ 32-38. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in PFL's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, PFL requests entry of judgment with respect to Count I for willful infringement and counterfeiting of the PINK FLOYD Trademarks against the Defaulting Defendants.

### B. False Designation of Origin

A plaintiff bringing a false designation of origin claim under 15 U.S.C. § 1125(a) must show that: (1) the plaintiff has a protectable trademark; and (2) a likelihood of confusion will exist as to the origin of plaintiff's products. *All Star Championship Racing, Inc. v. O'Reilly Auto.*

6

*Stores, Inc.,* 2013 WL 1701871, *10 (C.D. Ill. Apr. 18, 2013) (*citing Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F. 3d 427, 436 (7th Cir. 1999)). This is the same test that is used for bringing a trademark infringement claim under the Lanham Act. *See Neopost,* 403 F. Supp. 2d at 684.

PFL alleged in its Complaint that Defaulting Defendants are using the federally registered PINK FLOYD Trademarks without authorization on the Counterfeit/Infringing Products. This creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with PFL or the origin, sponsorship, or approval of Defaulting Defendants' Counterfeit/Infringing Products by PFL. [1] at ¶¶ 39-43. Furthermore, by using the PINK FLOYD Trademarks on the Counterfeit/Infringing Products, Defaulting Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit/Infringing Products. *Id*. As a result, PFL requests entry of judgment with respect to Count II for willful false designation of origin against the Defaulting Defendants.

## IV. PFL IS ENTITLED TO MONETARY DAMAGES AND INJUNCTIVE RELIEF

The awarding of statutory damages serves dual interests in that it is remedial in nature, but also intended to protect an important public interest. Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible harm to consumers who are tricked into purchasing low quality, counterfeit products over the internet, it is important to both penalize defendants and try to deter future violations.

### A. Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000

7

or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just." 15 U.S.C. § 1117(c). Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c). *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *10; *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999). In *Sara Lee*, 36 F. Supp. 2d at 170, the court awarded statutory damages in the amount of $750,000 after estimating the defendants' ill-gotten gains and trebling them to "deter and punish a willful continuous course of infringements and defiance of the judicial process." The *Sara Lee* analysis included seven factors: (1) the profits made by the defendants; (2) the revenues lost by plaintiff; (3) the value of the mark; (4) the deterrent effect on others; (5) whether the conduct was innocent or willful; (6) whether a defendant has cooperated in providing records; and (7) the deterrent effect on the defendant.

The USPTO's Office of Policy and International Affairs and the National Telecommunications and Information Administration ("NTIA") together working as part of the Department of Commerce's Internet Policy Task Force conducted a review of the relationship between the availability and protection of online copyrighted works and innovation in the Internet economy. The Internet Policy Task Force's White Paper on Remixes, First Sale, and Statutory

8

Damages (White Paper) was published on January of 2016, (See, Exhibit 1), which recognizes in copyright law that reduced damages may be warranted to avoid impeding new creative works, e.g., remixes -- works created through changing and combining existing works to produce something new and creative -- as part of a trend of user generated content. *Id*. at 98. However, in cases of willful infringement, such as before this Court, the same report finds that high statutory damages are warranted since "[t]hese circumstances present the clearest need for deterrence and punishment. *Id*. at 99. Moreover, regarding straight-out counterfeiting where impeding creativity is not a concern, The Office of the U. S. Trade Representative issued findings of the Special 301 Out-of-Cycle Review of Notorious Markets for 2015, December 2015 (*See*, Exhibit 2), highlighted disturbing trends in the marketing and distribution of counterfeit goods online, with escalating levels of counterfeit sales online including an increase in the services that support such operations.

Accordingly, a significant consideration should be whether infringing sales were made over the Internet, with the rationale was that sales over the Internet increased the amount of an award because use of the Internet made the infringement widely available.

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise, Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

### B. Defendants' Counterfeiting Was Willful

As alleged in PFL's Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine PFL Products. [1] at ¶¶ 22, 27-29; *see also* Schlegel Declaration [14-3] at ¶¶ 13-14.

It is clear that Defaulting Defendants' counterfeiting was willful. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. In the instant case, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for PFL's rights in the PINK FLOYD Trademarks, especially given PFL's extensive promotional efforts discussed above.

Finally, this Court has deemed counterfeiting willful when defendants default. *See, e.g., Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03250 (N.D. Ill. Oct. 31, 2022) and *Khara Inc. and Ground Works Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03334 (N.D. Ill. Aug. 11, 2022).

### C. A High Statutory Damages Award Is Appropriate and Just

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion." *Id*. In computing

the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent." *Id*. Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, *16.

In addition, courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful Internet-based counterfeiting, this Court has awarded significant damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03250 (N.D. Ill. Oct. 31, 2022) and *Khara Inc. and Ground Works Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03334 (N.D. Ill. Aug. 11, 2022). Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), PFL

respectfully requests the Court's entry of an award of one hundred fifty thousand dollars ($150,000) per Defaulting Defendant as it has done in the past under similar circumstances.

### D. PFL is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, PFL respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating PFL's registered trademark rights in the PINK FLOYD Trademarks, including at least all injunctive relief previously awarded by this Court to PFL in the TRO and Preliminary Injunction. PFL is also entitled to injunctive relief so it can quickly take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Counterfeit PFL Products. *See, e.g., Pink Floyd (1987) Limited v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03250 (N.D. Ill. Oct. 31, 2022) and *Khara Inc. and Ground Works Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 22-cv-03334 (N.D. Ill. Aug. 11, 2022).

### V. CONCLUSION

PFL respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of one hundred fifty thousand dollars ($150,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c) and enter a permanent injunction order prohibiting Defaulting Defendants from selling Counterfeit/Infringing Products, and transferring all assets in Defaulting Defendants' financial accounts operated by eBay, PayPal, Fruugo, WISH, and Amazon to PFL.

| | |
|---|---|
| DATED: February 24, 2023 | Respectfully submitted,<br>*/s/ Keith A. Vogt*<br>Keith A. Vogt, Esq. (Bar No. 6207971)<br>Keith Vogt, Ltd.<br>33 West Jackson Boulevard, #2W<br>Chicago, Illinois 60604<br>Telephone: 312-971-6752<br>E-mail: keith@vogtip.com<br><br>**ATTORNEY FOR PLAINTIFF** |

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ *Keith A. Vogt*
Keith A. Vogt