IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINK FLOYD (1987) LIMITED<br><br>                Plaintiff,<br><br>   v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No. 23-cv-00179<br><br>**Judge Virginia M. Kendall**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff, PINK FLOYD (1987) LIMITED ("PFL" or "Plaintiffs") against the defendants identified on Schedule A, and using the Defendant Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and PFL having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; PFL having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, PFL has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of PFL's federally registered trademarks, which are covered by U.S. Trademark Registration Nos. 2,194,702; 3,247,700; 4,232,255; 4,236,037; 5,521,572; and 6,514,317 (collectively, the "PINK FLOYD Trademarks") to residents of Illinois. In this case, PFL has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the PINK FLOYD Trademarks. *See* Docket No. [14], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the PINK FLOYD Trademarks. This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

Accordingly, this Court orders that PFL's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Final Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the PINK FLOYD Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PINK FLOYD product or not authorized by PFL to be sold in connection with the PINK FLOYD Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PINK FLOYD product or any other product produced by PFL, that is not PFL's or not produced under the authorization, control, or supervision of PFL and approved by PFL for sale under the PINK FLOYD Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of PFL, or are sponsored by, approved by, or otherwise connected with PFL; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PFL, nor authorized by PFL to be sold or offered for sale, and which bear any of PFL's trademarks, including the PINK FLOYD Trademarks, or any reproductions, counterfeit copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Fruugo.com Ltd. ("Fruugo"), Amazon Payments, Inc. ("Amazon"), and ContextLogic, Inc. d/b/a Wish.com ("WISH") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the PINK FLOYD Trademarks; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the PINK FLOYD Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine PINK FLOYD product or not authorized by PFL to be sold in connection with the PINK FLOYD Trademarks.

3. Upon PFL's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the PINK FLOYD Trademarks.

4. Pursuant to 15 U.S.C. § 1117(c)(2), PFL is awarded statutory damages from each of the Defaulting Defendants in the amount of $150,000 (one hundred fifty thousand dollars) for

      willful use of counterfeit PINK FLOYD Trademarks on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including eBay, PayPal, Fruugo, Amazon, and WISH, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as eBay, PayPal, Fruugo, Amazon, and WISH, are hereby released to PFL as partial payment of the above-identified damages, and Third Party Providers, including eBay, PayPal, Fruugo, Amazon, and WISH, are ordered to release to PFL the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until PFL has recovered full payment of monies owed to it by any Defaulting Defendant, PFL shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that PFL identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, PFL may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The Ten Thousand dollar ($10,000) surety bond posted by PFL is hereby released to PFL or its counsel, Keith Vogt, Ltd. 33 West Jackson Boulevard, #2W Chicago, Illinois 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to PFL or its counsel.

This is a Default Final Judgment.

Dated: 3/13/2023

Virginia M. Kendall
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | annhienshop2017 |
| 2 | benniexc9 |
| 3 | cagoltdvn |
| 4 | ███████████ |
| 5 | eastjavacraft |
| 6 | honp_18 |
| 7 | papaliaso |
| 8 | shop_asean |
| 9 | sikomo1957 |
| 10 | thantr92 |
| 11 | thiomlam2 |
| 12 | trail-blazer21_ru |
| 13 | vanyt-83 |
| 14 | vuthaibi_0 |
| 15 | Fangnuo Hardware Processing Shop |
| 16 | adjoins household |
| 17 | chaxiaoyan0344963589 |
| 18 | chenbeibei 552018 |
| 19 | gajagdjhqjhjjuadq |
| 20 | George A Phillips |
| 21 | guoping6854755 |
| 22 | hanruiting34907 |
| 23 | huangmeiqin3627 |
| 24 | JPANLeilani |
| 25 | lichao6666 |
| 26 | lina1445 |
| 27 | linxianglian |
| 28 | lixiaoyingg |
| 29 | lizhengyang65589 |
| 30 | Mndsjheiru58723 |
| 31 | Sea big fish |
| 32 | seventa |
| 33 | Sharmaine |
| 34 | sunxinyue002X |
| 35 | sutianheng2097 |
| 36 | xueting fashion |
| 37 | yanyongkang48394 |

| 38 | zengliuhao4284 |
|---|---|
| 39 | A623GX8A |
| 40 | AgemoArtShop |
| 41 | AMERICAN TSHIRT |
| 42 | anqingguhuashangmaoyouxiangongsi |
| 43 | BolangTechnology |
| 44 | BXbag |
| 45 | CBU81stor |
| 46 | chengdujinyuanyihuishgmaoyouxiangongsi |
| 47 | chenmeihong |
| 48 | CHIEN TIXA SHOP |
| 49 | D.P. EAWIN GROUP |
| 50 | DONGAMITSA Store |
| 51 | dongfang77 |
| 52 | Dongzhuang Yingxiu Department Store, Xiuyu Distric |
| 53 | Ducanh.shoptmsx2 |
| 54 | DZUSHOP Store |
| 55 | Equa1cty Ship from US |
| 56 | fanglichen |
| 57 | fuqianghuahua |
| 58 | haikouyiludianzishangwuyouxiangongsi |
| 59 | HaliArt |
| 60 | HanGongguan |
| 61 | hefeipipowangluokejiyouxiangongsi |
| 62 | IOngsor2 |
| 63 | jiaxiangxiangzhongxiangjiancaixiaoshoubu |
| 64 | JUAN-US |
| 65 | KayLeoBy |
| 66 | keledian888 |
| 67 | lengcui |
| 68 | Lin Haihuang |
| 69 | linshengyishu |
| 70 | Lior Yashar |
| 71 | liqunmeishuguang |
| 72 | liuyifei917 |
| 73 | LL Fun Art |
| 74 | LMTYCY |
| 75 | Meishan Minglan Jintong e-commerce Co., Ltd. |
| 76 | miaoyinshangmao1111 |
| 77 | Mispost77 |
| 78 | Modr Cakr |

8

| 79 | NGHmystore |
| --- | --- |
| 80 | qingzhijiaju |
| 81 | QUOCVIET STORE |
| 82 | RymMon |
| 83 | SEEDR STORE |
| 84 | SINO-PRINT |
| 85 | Sleepyhero |
| 86 | Smaill Q |
| 87 | SPZXM Store |
| 88 | Suan Qiaoling |
| 89 | susulong |
| 90 | taiyuanshihonglingbeiliwangluokejiyouxiangongsi1 |
| 91 | Tan tuan |
| 92 | TANXIAOFEI |
| 93 | Teepink |
| 94 | thazuskiii |
| 95 | ThistPhitNhi |
| 96 | Trading Co., Ltd. HaikouQ |
| 97 | TRANGHUYN |
| 98 | Tuan Chay |
| 99 | UNICORM POD |
| 100 | VHanhhhaosk |
| 101 | Violett Boutique |
| 102 | VTL.IO3 |
| 103 | wulixing666 |
| 104 | XinShaoXianPingShangZhenLinDongBaiHuoDian |
| 105 | XINYU2022 |
| 106 | YUANLISHANGHANG |
| 107 | Zhang Nini |
| 108 | zhangzixuanyishu |
| 109 | zhaoxumaoyi |
| 110 | Zhou Kou Long Ran Shang Mao YouXianGongSi |
| 111 | ZZZYM-Rong |
| 112 | 🐡GOLDFISH-JINYU🐡 |
| 113 | 昆明娟桓商贸有限公司 |